Korsmo, J.
¶14 (dissenting in part) — Except for the decision to remand for a new hearing on the discretionary legal financial obligations, I agree with the majority opinion. For the reasons stated previously, we should decline to exercise our discretion in this instance, particularly since RCW 10.01.160 gives Mr. Malone the ability to raise the matter again at any time. See State v. Munoz-Rivera, 190 Wn. App. 870, 896, 361 P.3d 182 (2015) (Siddoway, C.J., concurring); State v. Arredondo, 190 Wn. App. 512, 539-40, 360 P.3d 920 (2015) (Korsmo, J., dissenting); State v. Duncan, 180 Wn. App. 245, 327 P.3d 699 (2014), aff'd, 185 Wn.2d 430, 374 P.3d 83 (2016). We have reached the curious circumstance where an alleged violation of a statutory obligation is given review while a constitution-based claim is not reviewed. That practice certainly stands the RAP 2.5(a)(3) exception on its head.
¶15 As there is adequate relief available for this statutory claim, I would affirm.